LEE TRAN & LIANG LLP
  Enoch H. Liang (SBN 212324)
enoch.liang@ltlw.com
  Heather F. Auyang (SBN 191776)
heather.auyang@ltlw.com
  Lisa J. Chin (SBN 259793)
lisa.chin@ltlw.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

Attorneys for Defendant
Biosuccess Biotech, Co., Ltd.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. CHANG, | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| ZHENG TAO HAN, an individual; CHI-MING WU a/k/a/ FRED WU, an individual; BIOSUCCESS BIOTECH, CO., LTD., a Cayman Islands corporation; BIOSUCCESS BIOTECH, CO., LTD., a Nevada corporation, and DOES 1 through 50, inclusive. | [28 U.S.C. §1332, §1441, and §1446] |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendants Zheng Tao Han, Chi-Ming Wu a/k/a Fred Wu, Biosuccess Biotech Co., Ltd. (Cayman Islands) ("Biosuccess (Cayman)"), and Biosuccess Biotech Co., Ltd. (U.S.A.) ("Biosuccess Nevada") (together the "Removing Defendants"), hereby remove this action from the Superior Court of California, County of Santa Clara, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§1332, 1441, and 1446, and in support thereof, respectfully submit the following:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On or about January 3, 2014, Plaintiff Richard L. Chang ("Chang") commenced this action against Zheng Tao Han, Chi-Ming Wu a/k/a Fred Wu, Biosuccess (Cayman), Biosuccess (Nevada) and Does 1 through 50 by filing a complaint in the Superior Court of California, County of Santa Clara, Case Number 14-CV-258570.

2. Removal by the defendants in this case is timely because this Notice of Removal has been filed within 30 days of the defendants receiving "through service or otherwise … a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …" 28 U.S.C. § 1446(b)(1).

## JURISDICTION AND VENUE

3. As explained below, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. There exists an immediate, actual and justiciable controversy between the Removing Defendants and Plaintiff within the meaning of 28 U.S.C. § 2201 as evidenced by Plaintiff's filing of this action in state court, as well as the related Central District case, No. 13-CV-01340.

5. Plaintiff has consented to personal jurisdiction for this action in this judicial district by filing the Complaint in the Superior Court of California, County

of Santa Clara.

6.    Venue in this Court is proper under 28 U.S.C. § 1391(b) and (c).

**BASIS FOR REMOVAL**

7.    The Removing Defendants hereby remove this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1441(a).  This Court has original jurisdiction over this action because "the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between (1) citizens of different States, [and] (2) citizens of a State and citizens or subjects of a foreign state …" 28 U.S.C. § 1332(a)(1)(2).  As set forth below, this action satisfies all of the requirements of 28 U.S.C. § 1332(a).

**I.**    **The Amount in Controversy Exceeds $75,000**

8.    In order for the Northern District Court to have original jurisdiction based on diversity, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs …" 28 U.S.C. §1332(a).

9.    On the first through fifth causes of action alone, Plaintiff alleges damages of at least $2,493,016.  [Compl. at 14:4-7.]  In addition, Plaintiff also alleges damages, together with penalties and accrued interest, in an amount in excess of $600,000.  [Compl. at 14:8-9.]

10.    Thus, the amount in controversy alleged in the Complaint is well over $75,000 and easily meets the amount-in-controversy requirement.  While the Removing Defendants dispute that they are liable to Plaintiff, for purposes of satisfying the jurisdictional prerequisites of 28 U.S.C. § 1332(a), the matter in controversy exceeds $75,000, exclusive of interest and costs.

**II.**    **There is Complete Diversity Between the Plaintiff and all Defendants**

11.    In order for the Northern District Court to have original jurisdiction based on diversity, there must be complete diversity between all plaintiffs and all defendants.  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (internal

citations omitted).

### A. The Individual Defendants are Diverse from Plaintiff Richard Chang

12. For purposes of determining the citizenship of individuals in the context of diversity jurisdiction, an individual is a citizen of their state of domicile. *Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir. 1981).

13. Plaintiff Richard Chang is an individual domiciled in Laguna Woods, California. [Compl. at 1:4.]

14. Defendant Zheng Tao Han is an individual domiciled in the People's Republic of China.

15. Defendant Fred Wu is an individual domiciled in Taiwan.

16. With Plaintiff being domiciled in California, and the individual defendants being domiciled in the People's Republic of China and Taiwan, no individual defendant is a citizen of the same state as Plaintiff. Thus there is sufficient diversity for purposes of 28 U.S.C. § 1332 to give the Northern District Court original jurisdiction.

### B. The Corporate Defendants are also Diverse from Plaintiff Richard Chang

17. For purposes of determining the citizenship of corporations in the context of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 U.S.C. § 1332(c)(1).

18. A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

19. Defendant Biosuccess (Cayman) is a corporation which is incorporated under the laws of the Cayman Islands. However, its directors and officers are located overseas in either the People's Republic of China and/or Taiwan. Its

directors and officers direct Biosuccess (Cayman)'s activites from overseas in Taipei, Taiwan.

20. Defendant Biosuccess (Nevada) is a corporation which is incorporated under the laws of the state of Nevada. While Biosuccess (Nevada) has a small office in Santa Clara, California (with only one or two employees), since the Changs were removed from Biosuccess (Cayman) and Biosuccess (Nevada), all of its directors and officers direct Biosuccess (Nevada)'s activities from overseas in Taipei, Taiwan.

21. With Plaintiff being domiciled in California, and the corporate defendants being incorporated in the Cayman Islands and in Nevada, and both having their principle place of business in Taipei, Taiwan, no corporate defendant is a citizen of the same state as Plaintiff. Thus there is sufficient diversity for purposes of 28 U.S.C. § 1332 to give the Northern District Court original jurisdiction.

### C. The Inclusion of Doe Defendants 1 Through 50 Does not Affect Removability

22. Plaintiff Richard Chang has included allegations in his complaint against Does 1 through 50 inclusive.

23. According to 28 U.S.C. § 1441(b)(1), "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441. District Courts are correct to only consider the domicile of the named defendants. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

24. Thus, Plaintiff's inclusion of Doe defendants does not affect the removability of this case.

### ADDITIONAL PROCEDURAL REQUIREMENTS

25. This action, filed in the Superior Court of the State of California, County of Santa Clara, is being removed to the district and division embracing the

place where the action is pending. 28 U.S.C. § 1441(a).

26. No defendant is a citizen of the State of California. *See* 28 U.S.C. § 1441(b)(2).

27. Pursuant to § 1446(a), copies of all the process, pleadings and orders on file with the state court or served on defendants in the state court are attached collectively as Exhibits 1 through 8.

28. A notice of filing of removal, with a copy of this Notice of Removal attached thereto, is being filed with the clerk of the Superior court of the State of California, County of Santa Clara, Case Number 14-CV-258570, pursuant to 28 U.S.C. § 1446(d).

29. A notice of filing of removal, with a copy of this Notice of Removal attached thereto, is being served on Plaintiff's attorney pursuant to 28 U.S.C. § 1446(d). A proof of such service will be filed after service is effected.

30. Defendants Zheng Tao Han, Fred Wu, Biosuccess (Cayman), and Biosuccess (Nevada) join in and consent to removal in this action. 28 U.S.C. § 146(b)(2)(A, C).

31. Defendant Does 1 through 50 are also named in the state court action. These unknown defendants are not required to join in the Notice of Removal. *See e.g. Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

32. No previous application has been made for the relief requested herein.

33. This notice has been signed pursuant to Federal Rule of Civil Procedure 11. 28 U.S.C. § 1446(a).

## **CONCLUSION**

34. By this notice, the Removing Defendants do not waive any objections as to improper service, jurisdiction, or venue, or any other defenses or objection to this action. The Removing Defendants intend no admission of fact, law or liability by this notice, and reserve all defenses, motions and pleas. The Removing

1  Defendants pray that this action be removed to this Court for determination; that all
2  further proceedings in the state court be stayed; and that the Removing Defendants
3  obtain all additional relief to which they are entitled.
4
5
6  Dated: January 28, 2014                    Respectfully Submitted,
7
                                              LEE TRAN LIANG & WANG LLP
8
9                                             By: /s/ Enoch H. Liang
10                                               Enoch H. Liang
                                              Attorneys for Defendant
11                                            BIOSUCCESS BIOTECH, CO., LTD.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

NOTICE OF REMOVAL TO NORTHERN
DISTRICT OF CALIFORNIA