1  LEE TRAN & LIANG LLP
   Enoch H. Liang (SBN 212324)
2  enoch.liang@ltlattorneys.com
   Heather F. Auyang (SBN 191776)
3  heather.auyang@ltlw.com
   Lisa J. Chin (SBN 259793)
4  lisa.chin@ltlattorneys.com
   601 S. Figueroa Street, Suite 3900
5  Los Angeles, CA 90017
   Telephone: (213) 612-3737
6  Facsimile: (213) 612-3773

7  Attorneys for Defendants Zheng Tao Han,
   Chi-Ming Wu a/k/a Fred Wu,
8  Biosuccess Biotech, Co. Ltd. (Cayman), and
   Biosuccess Biotech, Co. Ltd., (Nevada)

9

10                    **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12

13  RICHARD L. CHANG,                      Case No. 5:14-cv-00426-EJD

          Plaintiff,

14                                         **DEFENDANTS BIOSUCCESS**
          v.                               **BIOTECH, CO., LTD. (CAYMAN)'S**
15                                         **AND BIOSUCCESS BIOTECH, CO.,**
    ZHENG TAO HAN, an individual; and CHI- **LTD. (NEVADA)'S ANSWER TO**
16  MING WU A/K/A FRED WU, an individual,  **PLAINTIFF'S COMPLAINT AND**
    BIOSUCCESS BIOTECH, CO., LTD., a Cayman **AFFIRMATIVE DEFENSES**
17  Islands Corporation, BIOSUCCESS BIOTECH,
    CO., LTD., a Nevada Corporation, and DOES 1
18  through 50, inclusive,                 **JURY TRIAL DEMANDED**

19        Defendants.

20

21

22

23

24

25

26

27

28
                                           **DEFENDANT BIOSUCCESS'S ANSWER AND**
                                           **AFFIRMATIVE DEFENSES**
                                           **Case No. 5:14-cv-00426-EJD**

Defendants Biosuccess Biotech, Co. Ltd., a Cayman Islands Corporation ("Biosuccess Cayman") and Biosuccess Biotech, Co. Ltd., a Limited Liability Company registered in Nevada ("Biosuccess Nevada") (collectively "Defendants" or "Biosuccess"), through their counsel, answer the allegations in the Complaint ("Complaint") filed by Plaintiff Richard L. Chang ("Chang" or "Plaintiff"), as set forth below.  Defendants hereby reserve the right to amend their Answer as additional information becomes available and additional defenses become apparent.  Unless specifically admitted, Defendants deny each of the allegations of Plaintiff's Complaint.

**PARTIES**

1.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1, and therefore deny them.

2.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2, and therefore deny them.

3.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3, and therefore deny them.

4.      Biosuccess Biotech, Co., Ltd. admits that it is a corporation organized under the laws of the Cayman Islands, and Biosuccess Biotech, Co., Ltd. admits that it is a limited liability company registered under the laws of the state of Nevada (collectively "Biosuccess").  Defendants deny the remaining allegations in paragraph 4.

5.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5, and therefore deny them.

6.      Defendants deny the allegations contained in paragraph 6.

**JURISDICTION AND VENUE**

7.      Defendants deny the allegations contained in paragraph 7.

8.      Defendants deny the allegations contained in paragraph 8.

9.      Defendants deny the allegations contained in paragraph 9.

**FACTUAL BACKGROUND**

10.     Defendants are without sufficient knowledge or information to form a belief as to

**DEFENDANT BIOSUCCESS'S ANSWER AND AFFIRMATIVE DEFENSES**
**Case No. 5:14-cv-00426-EJD**

the truth of the allegations contained in paragraph 10, and therefore deny them.

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11, and therefore deny them.

12.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and therefore deny them.

13.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and therefore deny them.

14.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14, and therefore deny them.

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and therefore deny them.

16.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and therefore deny them.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17, and therefore deny them.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and therefore deny them.

19.     Defendants admit that, on its face, U.S. Patent No. 6,063,814 ("the '814 patent") issued on May 16, 2000, and that Chang is one of the named inventors.  Defendants deny the remaining allegations in paragraph 19.

20.     Defendants deny the allegations contained in paragraph 20.

21.     Defendants deny the allegations contained in paragraph 21.

22.     Defendants deny the allegations contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23.

24.     Defendants deny the allegations contained in paragraph 24

25.     Defendants deny the allegations contained in paragraph 25.

26.     Defendants admit that Chang signed an agreement titled "Assignment of Patent

**DEFENDANT BIOSUCCESS'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD**

Right & Assignment of Right of Patent Application Agreement."  Defendants deny the remaining allegations in paragraph 26.

27.     Defendants deny the allegations contained in paragraph 27.

28.     Defendants deny the allegations contained in paragraph 28.

29.     Defendants deny the allegations contained in paragraph 29.

30.     Defendants admit that there is a letter dated January 18, 2013 to Chang from Biosuccess.  Defendants deny the remaining allegations in paragraph 30.

31.     Defendants admit that there is a letter dated January 22, 2013 from Chang to Biosuccess.  Defendants deny the remaining allegations in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Defendants admit that the Complaint refers to "provisional patent application 60/898,810."  Defendants deny the remaining allegations in paragraph 33.

34.     Defendants admits that the Complaint refers to "United States patent application 13/595,072, which claims priority from provisional application 60/898,810."  Defendants deny the remaining allegations in paragraph 34.

35.     Defendants admit that the Complaint refers to "United States patent application 12/023,753."  Defendants admit that on or about February 17, 2011, Biosuccess filed an assignment document concerning United States Patent Application No. 12/023,753 in the United States Patent and Trademark Office.  Defendants deny the remaining allegations in paragraph 35.

36.     Defendants admit that on or about November 14, 2006, Biosuccess filed an assignment document concerning the '814 patent in the United States Patent and Trademark Office.  Defendants deny the remaining allegations in paragraph 36.

37.     Defendants admit that the Complaint refers to "United States provisional patent application 61/588,162."  Defendants deny the remaining allegations in paragraph 37.

38.     Defendants admit that the Complaint refers to "United States provisional patent application 61/588,165."  Defendants deny the remaining allegations in paragraph 38.

39.     Defendants admit that the Complaint refers to "United States provisional patent

**DEFENDANT BIOSUCCESS'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD**

application 61/588,167." Defendants deny the remaining allegations in paragraph 39.

40.    Defendants deny the allegations contained in paragraph 40.

41.    Defendants deny the allegations contained in paragraph 41.

42.    Defendants admit that the Complaint refers to "three non-provisional patent applications." Defendants deny the remaining allegations in paragraph 42.

43.    Defendants deny the allegations contained in paragraph 43.

44.    Defendants deny the allegations contained in paragraph 44.

45.    Defendants admit that there is a letter dated January 18, 2013 to Chang from Biosuccess.  Defendants deny the remaining allegations in paragraph 45.

46.    Defendants admit that there is a letter dated January 18, 2013 to Ben Chang from Biosuccess and that Ben Chang is Plaintiff's son.  Defendants deny the remaining allegations in paragraph 46.

47.    Defendants deny the allegations contained in paragraph 47.

48.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48, and therefore deny them.

49.    Defendants deny the allegations contained in paragraph 49.

50.    Defendants deny the allegations contained in paragraph 50.

## FIRST CAUSE OF ACTION

## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST ALL DEFENDANTS

51.    Defendants incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

52.    Defendants deny the allegations contained in paragraph 52.

53.    Defendants deny the allegations contained in paragraph 53.

54.    Defendants deny the allegations contained in paragraph 54.

55.    Defendants deny the allegations contained in paragraph 55.

56.    Defendants deny the allegations contained in paragraph 56.

57.     Defendants deny the allegations contained in paragraph 57.

## SECOND CAUSE OF ACTION

**SECURITIES FRAUD UNDER CALIFORNIA CORPORATIONS CODE 25401 AGAINST**

**ALL DEFENDANTS**

58.     Defendants incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

59.     Defendants admit that the Complaint refers to California Corporation Code Section 25401.  Defendants deny the remaining allegations in paragraph 59.

60.     Defendants deny the allegations contained in paragraph 60.

61.     Defendants deny the allegations contained in paragraph 61.

62.     Defendants deny the allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63.

## THIRD CAUSE OF ACTION

**VIOLATION OF THE CALIFORNIA LABOR CODE**

**AGAINST ALL DEFENDANTS**

64.     Defendants incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66.

67.     Defendants deny the allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68.

69.     Defendants deny the allegations contained in paragraph 69.

70.     Defendants deny the allegations contained in paragraph 70.

## FOURTH CAUSE OF ACTION

**BREACH OF CONTRACT AGAINST ALL DEFENDANTS**

71.     Defendants incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

**DEFENDANT BIOSUCCESS'S ANSWER AND**
**AFFIRMATIVE DEFENSES**
**Case No. 5:14-cv-00426-EJD**

72.   Defendants deny the allegations contained in paragraph 72.

73.   Defendants deny the allegations contained in paragraph 73.

74.   Defendants deny the allegations contained in paragraph 74.

75.   Defendants deny the allegations contained in paragraph 75.

**FIFTH CAUSE OF ACTION**

*QUANTUM MERUIT* **AGAINST ALL DEFENDANTS**

76.   Defendants incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

77.   Defendants deny the allegations contained in paragraph 77.

78.   Defendants deny the allegations contained in paragraph 78.

79.   Defendants deny the allegations contained in paragraph 79.

**SIXTH CAUSE OF ACTION**

**DECLARATORY RELIEF AGAINST ZHENG TAO HAN**

80.   Defendants incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

81.   Defendants deny the allegations contained in paragraph 81.

82.   Defendants admit that the Complaint refers to California Code of Civil Procedure Section 1060.  Defendants deny the remaining allegations in paragraph 82.

83.   Defendants deny the allegations contained in paragraph 83.

84.   Defendants deny the allegations contained in paragraph 84.

**PRAYER FOR RELIEF**

Defendants deny that Chang is entitled to any of the relief requested in his prayer for relief, or any relief whatsoever.  Each and every remaining allegation in Chang's prayer for relief is denied.

**AFFIRMATIVE DEFENSES**

Without waiving any of the foregoing answers or defenses, Defendants assert the following affirmative defenses without prejudice to their position that they do not have the burden of proof

to establish these defenses to the extent that the burden on the issue rests with Chang as a matter of law.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

85.     The Complaint fails to state facts sufficient to state a cause of action against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

86.     Plaintiff's purported claims and causes of action set forth in the Complaint are barred or limited by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 338 and 340, California Business and Professions Code section 17208, and/or California Labor Code sections 203 and 558.

### THIRD AFFIRMATIVE DEFENSE

#### (Due Process)

87.     Plaintiff's purported claims and causes of action set forth in the Complaint that seek statutory or other penalties fail to comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003), or *People ex rel Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

### FOURTH AFFIRMATIVE DEFENSE

#### (One Year Statute of Limitations for Penalties)

88.      Plaintiff's claims for statutory and/or civil penalties under the California Labor Code are barred or limited to the degree they seek an award of penalties beyond the one-year limitation period contained in California Code of Civil Procedure section 340(a).

### FIFTH AFFIRMATIVE DEFENSE

#### (No Willful Violation)

89.     Plaintiff is not entitled to any statutory and/or civil penalty award under the California Labor Code because at all times relevant to the Complaint, Defendants did not willfully fail to comply with the compensation provisions of the California Labor Code.

**DEFENDANT BIOSUCCESS'S ANSWER AND AFFIRMATIVE DEFENSES Case No. 5:14-cv-00426-EJD**

### SIXTH AFFIRMATIVE DEFENSE

#### (Labor Code § 226 – No Injury)

90.     Plaintiff is not entitled to recover under California Labor Code section 226 because he did not suffer any injury, as defined in Labor Code section 226(e)(2).

### SEVENTH AFFIRMATIVE DEFENSE

#### (Labor Code § 226 – Not Knowing or Intentional)

91.     Plaintiff's claim for failure to render properly itemized wage statements is barred because Defendants did not knowingly and intentionally fail to render properly itemized wage statements; and their failure, if any, to provide such wage statements was inadvertent and/or due to clerical error.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Unconstitutionality of Penalties under Labor Code Section 203)

92.     Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code Section 203, and any award of California Labor Code Section 203 penalties would violate Defendants' constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

### NINTH AFFIRMATIVE DEFENSE

#### (Consent)

93.     Plaintiff was fully aware of and consented to all of the alleged acts and/or conduct of Defendants, and thus Plaintiff's Complaint is barred by the doctrine of consent.

### TENTH AFFIRMATIVE DEFENSE

#### (Participatory Conduct)

94.     Plaintiff's Complaint is barred by the doctrine of participatory conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Avoidable Consequences)**

95.     Plaintiff's claims are barred on the ground that Plaintiff unreasonably failed to use preventative and corrective measures that would have prevented all or at least some of the harm that Plaintiff alleges he suffered.  Thus, his recoverable damages should be reduced and/or eliminated under the doctrine of avoidable consequences.

**TWELVETH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

96.     If Plaintiff suffered any loss, damage or detriment as alleged in the Complaint or otherwise, it was directly and proximately caused and contributed to by the conduct of Plaintiff in that Plaintiff did not exercise reasonable care or caution to mitigate his damages. Plaintiff is thereby completely or partially barred from recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

97.     Plaintiff is barred, in whole or in part, from seeking any relief under the doctrine of waiver in that Plaintiff has waiver and/or released his right to assert the purported claims and causes of action set forth in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

98.     Plaintiff has unreasonably delayed in bringing this action against Defendants.  Such delay has resulted in prejudice to Defendants such that Plaintiff is barred, in whole or in part, from seeking any relief under the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

99.     Plaintiff's claims are barred, in whole or in part, from any recovery by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

100.     Plaintiff's claims are barred by reason of acts, omissions, representations and courses of conduct by Plaintiff on which Defendants were led to rely to their detriment, thereby barring, under the doctrine of equitable estoppel, any claims in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

101.     Defendants are entitled to an offset against any relief due to Plaintiff based upon his respective wrongful conduct and/or monies owed to Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Damages Sought)

102.     Plaintiff's prayers for all other damages regarding each cause of action contained in the Complaint are barred because such damages, if any, were not the result of acts, representations, or omissions of Defendants or their agents.

## NINETEETH AFFIRMATIVE DEFENSE

### (Breach of Contract)

103.     Plaintiff's claims should be denied because Plaintiff has breached the express terms of any employment contract.  Plaintiff's breach precludes any award of damages or equitable relief to Plaintiff.

104.     Plaintiff's claims should be denied because Plaintiff has breached the express terms of the assignment agreement.  Plaintiff's breach precludes any award of damages or equitable relief to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

105.     Plaintiff's claims should be denied because Plaintiff breached the implied covenant of good faith and fair dealing that runs with every written contract, and this breach precludes an award of any damages or equitable relief to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Prevention of Performance)

106.   Plaintiff breached any alleged employment agreement by failing to timely, fully and adequately perform the terms and conditions therein, among other things, thereby preventing Defendants' performance and discharging certain obligations on the part of Defendants.

107.   Plaintiff breached the assignment agreement by failing to timely, fully and adequately perform the terms and conditions therein, among other things, thereby preventing Defendants' performance and discharging certain obligations on the part of Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Fulfill Conditions Precedent)

108.   Any purported claim for breach of contract is barred to the extent Plaintiff failed to fulfill any contractual conditions precedent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Negligence or Fault)

109.   Plaintiff's claims are barred, in whole or in part, by Plaintiff's own negligent conduct or because Plaintiff is at fault in bringing about any alleged loss or harm he may have suffered.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

110.   Plaintiff is barred, in whole or in part, from seeking any relief by the operation of the applicable statutes of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

111.   Plaintiff is barred, in whole or in part, from seeking any relief because the Complaint is frivolous and was filed in bad faith.

1

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

2

### **(Lack of Subject Matter Jurisdiction)**

3

112.   Plaintiff's claims are barred for lack of subject matter jurisdiction.

4

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

5

### **(Acquiescence and Ratification)**

6

113.   Plaintiff's claims are barred, in whole or in part, under the doctrine(s) of

7

acquiescence and/or ratification.

8

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

9

### **(Remote and Speculative Damages)**

10

114.   Plaintiff's claims are barred, in whole or in part, because the damages sought are

11

excessively remote and speculative, and thus not cognizable, compensable or recoverable.

12

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

13

### **(Justification)**

14

115.   Plaintiff's Complaint is barred on the ground that every action taken with respect to

15

the conduct complained of in the Complaint was justified.

16

## **THIRTIETH AFFIRMATIVE DEFENSE**

17

### **(Lack of Standing)**

18

116.   Plaintiff lacks standing to bring all or a portion of the purported claims and causes

19

of action alleged in the Complaint.

20

## **THIRTY-FIRST AFFIRMATIVE DEFENSE**

21

### **(Unjust Enrichment)**

22

117.   Plaintiff is barred from asserting any allegation in the Complaint because any

23

recovery by Plaintiff will result in unjust enrichment.

24

## **THIRTY-SECOND AFFIRMATIVE DEFENSE**

25

### **(Conduct)**

26

118.   Plaintiff's own conduct prevents him from recovering on the purported claims or

27

causes of action set forth in the Complaint.

28

**DEFENDANT BIOSUCCESS'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD**

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Apportionment)

119.    The matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of Plaintiff.  Thus, the liability of Plaintiff should be apportioned according to his respective degree of fault or other legal responsibility, and the liability, if any, of Defendants should be reduced accordingly.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

120.    The purported claims and causes of action set forth in the Complaint are barred, in whole or in part, because of lack of causation between Plaintiff's damages, if any, and the conduct of Defendants complained of therein.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

121.    The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

122.    The Complaint and each purported cause of action alleged therein are barred because Defendants fully performed any and all contractual and/or other duties they arguably owed to Plaintiff.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join a Necessary and Indispensable Party)

123.    Plaintiff's Complaint should be dismissed for failure to join a necessary and indispensable party.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

124.    Each purported cause of action in the Complaint, or some of the causes of action,

are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Fulfill Conditions Precedent)

125. Any purported claim for breach of contract is barred to the extent Plaintiff failed to fulfill any contractual conditions precedent.

## FORTIETH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Harm)

126. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

127. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Parol Evidence)

128. The parol evidence rule bars oral statements prior to and at the time of any final integrated written agreement.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Novation)

129. Plaintiff's Complaint should be dismissed because the 2006 Assignment Agreement cannot be enforced because the parties substituted a new and different contract.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Modification or Amendment)

130. Plaintiff's Complaint should be dismissed because the 2006 Assignment Agreement was modified and/or amended.

DEFENDANT BIOSUCCESS'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD

1

## FORTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Pending Legal Action, Impermissible Claim Splitting)

3   131.   There is another action pending in the Central District of California, Case No.

4   CV13-01340-JAK, between the same parties that involves some or all of the same causes of action

5   in the Complaint filed in this action.

6

## FORTY-SIXTH AFFIRMATIVE DEFENSE

7

### (Additional Affirmative Defenses)

8   132.   Defendants hereby reserve their right to amend this Answer and/or allege additional

9   affirmative defenses in the event that any such additional affirmative defenses become available to

10  Defendants.

11

12  Dated:  April 14, 2014                    **LEE TRAN & LIANG LLP**

13

14                                   By:   /s/ Enoch H. Liang

15                                          Enoch H. Liang
                                     Attorneys for Defendants
16                                   Biosuccess Biotech, Co. Ltd. (Cayman), and
                                     Biosuccess Biotech, Co. Ltd., (Nevada)

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT BIOSUCCESS'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD**