1  LEE TRAN & LIANG LLP
Enoch H. Liang (SBN 212324)
2  enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)
3  heather.auyang@ltlw.com
Lisa J. Chin (SBN 259793)
4  lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
5  Los Angeles, CA 90017
Telephone: (213) 612-3737
6  Facsimile: (213) 612-3773

7  Attorneys for Defendants Zheng Tao Han,
Chi-Ming Wu a/k/a Fred Wu,
8  Biosuccess Biotech, Co. Ltd. (Cayman), and
Biosuccess Biotech, Co. Ltd., (Nevada)

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12
    RICHARD L. CHANG,                          Case No. 5:14-cv-00426-EJD
13
             Plaintiff,
14                                             **DEFENDANT CHI-MING WU A/K/A
         v.                                    FRED WU'S ANSWER TO
15                                             PLAINTIFF'S COMPLAINT AND
    ZHENG TAO HAN, an individual; and CHI-     AFFIRMATIVE DEFENSES**
16  MING WU A/K/A FRED WU, an individual,
    BIOSUCCESS BIOTECH, CO., LTD., a Cayman
17  Islands Corporation, BIOSUCCESS BIOTECH,   **JURY TRIAL DEMANDED**
    CO., LTD., a Nevada Corporation, and DOES 1
18  through 50, inclusive,

19           Defendants.

20

21

22

23

24

25

26

27

28

1    Defendant Chi-Ming Wu a/k/a Fred Wu ("Wu" or "Defendant"), through his counsel,

2    answers the allegations in the Complaint ("Complaint") filed by Plaintiff Richard L. Chang

3    ("Chang" or "Plaintiff"), as set forth below. Defendant hereby reserves the right to amend his

4    Answer as additional information becomes available and additional defenses become apparent.

5    Unless specifically admitted, Defendant denies each of the allegations of Plaintiff's Complaint.

6                                              **PARTIES**

7        1.    Defendant is without sufficient knowledge or information to form a belief as to the

8    truth of the allegations contained in paragraph 1, and therefore denies them.

9        2.    Defendant is without sufficient knowledge or information to form a belief as to the

10   truth of the allegations contained in paragraph 2, and therefore denies them.

11       3.    Defendant admits the allegations contained in paragraph 3.

12       4.    Defendant is without sufficient knowledge or information to form a belief as to the

13   truth of the allegations contained in paragraph 4, and therefore denies them.

14       5.    Defendant is without sufficient knowledge or information to form a belief as to the

15   truth of the allegations contained in paragraph 5, and therefore denies them.

16       6.    Defendant denies the allegations contained in paragraph 6.

17                              **JURISDICTION AND VENUE**

18       7.    Defendant denies the allegations contained in paragraph 7.

19       8.    Defendant denies the allegations contained in paragraph 8.

20       9.    Defendant denies the allegations contained in paragraph 9.

21                              **FACTUAL BACKGROUND**

22       10.   Defendant is without sufficient knowledge or information to form a belief as to the

23   truth of the allegations contained in paragraph 10, and therefore denies them.

24       11.   Defendant is without sufficient knowledge or information to form a belief as to the

25   truth of the allegations contained in paragraph 11, and therefore denies them.

26       12.   Defendant is without sufficient knowledge or information to form a belief as to the

27   truth of the allegations contained in paragraph 12, and therefore denies them.

28

**DEFENDANT WU'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD**

1    13.    Defendant is without sufficient knowledge or information to form a belief as to the

2    truth of the allegations contained in paragraph 13, and therefore denies them.

3    14.    Defendant is without sufficient knowledge or information to form a belief as to the

4    truth of the allegations contained in paragraph 14, and therefore denies them.

5    15.    Defendant is without sufficient knowledge or information to form a belief as to the

6    truth of the allegations contained in paragraph 15, and therefore denies them.

7    16.    Defendant is without sufficient knowledge or information to form a belief as to the

8    truth of the allegations contained in paragraph 16, and therefore denies them.

9    17.    Defendant is without sufficient knowledge or information to form a belief as to the

10   truth of the allegations contained in paragraph 17, and therefore denies them.

11   18.    Defendant is without sufficient knowledge or information to form a belief as to the

12   truth of the allegations contained in paragraph 18, and therefore denies them.

13   19.    Defendant admits that, on its face, U.S. Patent No. 6,063,814 ("the '814 patent")

14   issued on May 16, 2000, and that Chang is one of the named inventors.  Defendant denies the

15   remaining allegations in paragraph 19.

16   20.    Defendant is without sufficient knowledge or information to form a belief as to the

17   truth of the allegations contained in paragraph 20, and therefore denies them.

18   21.    Defendant is without sufficient knowledge or information to form a belief as to the

19   truth of the allegations contained in paragraph 21, and therefore denies them.

20   22.    Defendant denies the allegations contained in paragraph 22.

21   23.    Defendant denies the allegations contained in paragraph 23.

22   24.    Defendant denies the allegations contained in paragraph 24.

23   25.    Defendant denies the allegations contained in paragraph 25.

24   26.    Defendant admits that Chang signed an agreement titled "Assignment of Patent

25   Right & Assignment of Right of Patent Application Agreement."  Defendant denies the remaining

26   allegations in paragraph 26.

27   27.    Defendant denies the allegations contained in paragraph 27.

28

**DEFENDANT WU'S ANSWER AND**
**AFFIRMATIVE DEFENSES**
**Case No. 5:14-cv-00426-EJD**

1    28.    Defendant denies the allegations contained in paragraph 28.

2    29.    Defendant denies the allegations contained in paragraph 29.

3    30.    Defendant admits that there is a letter dated January 18, 2013 to Chang from

4    Biosuccess.  Defendant denies the remaining allegations in paragraph 30.

5    31.    Defendant admits that there is a letter dated January 22, 2013 from Chang to

6    Biosuccess.  Defendant denies the remaining allegations in paragraph 31.

7    32.    Defendant denies the allegations contained in paragraph 32.

8    33.    Defendant admits that the Complaint refers to "provisional patent application

9    60/898,810."  Defendant denies the remaining allegations in paragraph 33.

10    34.    Defendant admits that the Complaint refers to "United States patent application

11    13/595,072, which claims priority from provisional application 60/898,810."  Defendant denies

12    the remaining allegations in paragraph 34.

13    35.    Defendant admits that the Complaint refers to "United States patent application

14    12/023,753."  Defendant denies the remaining allegations in paragraph 35.

15    36.    Defendant is without sufficient knowledge or information to form a belief as to the

16    truth of the allegations contained in paragraph 36, and therefore denies them.

17    37.    Defendant admits that the Complaint refers to "United States provisional patent

18    application 61/588,162."  Defendant denies the remaining allegations in paragraph 37.

19    38.    Defendant admits that the Complaint refers to "United States provisional patent

20    application 61/588,165."  Defendant denies the remaining allegations in paragraph 38.

21    39.    Defendant admits that the Complaint refers to "United States provisional patent

22    application 61/588,167."  Defendant denies the remaining allegations in paragraph 39.

23    40.    Defendant denies the allegations contained in paragraph 40.

24    41.    Defendant denies the allegations contained in paragraph 41.

25    42.    Defendant admits that the Complaint refers to "three non-provisional patent

26    applications."  Defendant denies the remaining allegations in paragraph 42.

27    43.    Defendant denies the allegations contained in paragraph 43.

28

**DEFENDANT WU'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD**

1    44.    Defendant denies the allegations contained in paragraph 44.

2    45.    Defendant admits that there is a letter dated January 18, 2013 to Chang from

3    Biosuccess.  Defendant denies the remaining allegations in paragraph 45.

4    46.    Defendant admits that there is a letter dated January 18, 2013 to Ben Chang from

5    Biosuccess and that Ben Chang is Plaintiff's son.  Defendant denies the remaining allegations in

6    paragraph 46.

7    47.    Defendant denies the allegations contained in paragraph 47.

8    48.    Defendant is without sufficient knowledge or information to form a belief as to the

9    truth of the allegations contained in paragraph 48, and therefore denies them.

10    49.    Defendant denies the allegations contained in paragraph 49.

11    50.    Defendant denies the allegations contained in paragraph 50.

12    **FIRST CAUSE OF ACTION**

13    **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST ALL**

14    **DEFENDANTS**

15    51.    Defendant incorporates by reference and realleges his responses to each and every

16    allegation set forth above, as though fully set forth herein.

17    52.    Defendant denies the allegations contained in paragraph 52.

18    53.    Defendant denies the allegations contained in paragraph 53.

19    54.    Defendant denies the allegations contained in paragraph 54.

20    55.    Defendant denies the allegations contained in paragraph 55.

21    56.    Defendant denies the allegations contained in paragraph 56.

22    57.    Defendant denies the allegations contained in paragraph 57.

23    **SECOND CAUSE OF ACTION**

24    **SECURITIES FRAUD UNDER CALIFORNIA CORPORATIONS CODE 25401 AGAINST**

25    **ALL DEFENDANTS**

26    58.    Defendant incorporates by reference and realleges his responses to each and every

27    allegation set forth above, as though fully set forth herein.

28

**DEFENDANT WU'S ANSWER AND**
**AFFIRMATIVE DEFENSES**
**Case No. 5:14-cv-00426-EJD**

59.     Defendant admits that the Complaint refers to California Corporation Code Section 25401.  Defendant denies the remaining allegations in paragraph 59.

60.     Defendant denies the allegations contained in paragraph 60.

61.     Defendant denies the allegations contained in paragraph 61.

62.     Defendant denies the allegations contained in paragraph 62.

63.     Defendant denies the allegations contained in paragraph 63.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA LABOR CODE

### AGAINST ALL DEFENDANTS

64.     Defendant incorporates by reference and realleges his responses to each and every allegation set forth above, as though fully set forth herein.

65.     Defendant denies the allegations contained in paragraph 65.

66.     Defendant denies the allegations contained in paragraph 66.

67.     Defendant denies the allegations contained in paragraph 67.

68.     Defendant denies the allegations contained in paragraph 68.

69.     Defendant denies the allegations contained in paragraph 69.

70.     Defendant denies the allegations contained in paragraph 70.

### FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT AGAINST ALL DEFENDANTS

71.     Defendant incorporates by reference and realleges his responses to each and every allegation set forth above, as though fully set forth herein.

72.     Defendant denies the allegations contained in paragraph 72.

73.     Defendant denies the allegations contained in paragraph 73.

74.     Defendant denies the allegations contained in paragraph 74.

75.     Defendant denies the allegations contained in paragraph 75.

### FIFTH CAUSE OF ACTION

### *QUANTUM MERUIT* AGAINST ALL DEFENDANTS

**DEFENDANT WU'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD**

76.     Defendant incorporates by reference and realleges his responses to each and every allegation set forth above, as though fully set forth herein.

77.     Defendant denies the allegations contained in paragraph 77.

78.     Defendant denies the allegations contained in paragraph 78.

79.     Defendant denies the allegations contained in paragraph 79.

## SIXTH CAUSE OF ACTION

### DECLARATORY RELIEF AGAINST ZHENG TAO HAN

80.     Defendant incorporates by reference and realleges his responses to each and every allegation set forth above, as though fully set forth herein.

81.     Defendant denies the allegations contained in paragraph 81.

82.     Defendant admits that the Complaint refers to California Code of Civil Procedure Section 1060.  Defendant denies the remaining allegations in paragraph 82.

83.     Defendant denies the allegations contained in paragraph 83.

84.     Defendant denies the allegations contained in paragraph 84.

## PRAYER FOR RELIEF

Defendant denies that Chang is entitled to any of the relief requested in his prayer for relief, or any relief whatsoever.  Each and every remaining allegation in Chang's prayer for relief is denied.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing answers or defenses, Defendant asserts the following affirmative defenses without prejudice to his position that he does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Chang as a matter of law.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

85.     The Complaint fails to state facts sufficient to state a cause of action against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

86.     Plaintiff's purported claims and causes of action set forth in the Complaint are barred or limited by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 338 and 340, California Business and Professions Code section 17208, and/or California Labor Code sections 203 and 558.

## THIRD AFFIRMATIVE DEFENSE

### (Due Process)

87.     Plaintiff's purported claims and causes of action set forth in the Complaint that seek statutory or other penalties fail to comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003), or *People ex rel Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

## FOURTH AFFIRMATIVE DEFENSE

### (One Year Statute of Limitations for Penalties)

88.      Plaintiff's claims for statutory and/or civil penalties under the California Labor Code are barred or limited to the degree they seek an award of penalties beyond the one-year limitation period contained in California Code of Civil Procedure section 340(a).

## FIFTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

89.     Plaintiff is not entitled to any statutory and/or civil penalty award under the California Labor Code because at all times relevant to the Complaint, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code.

## SIXTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Injury)

90.     Plaintiff is not entitled to recover under California Labor Code section 226 because he did not suffer any injury, as defined in Labor Code section 226(e)(2).

DEFENDANT WU'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD

## SEVENTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – Not Knowing or Intentional)

91.     Plaintiff's claim for failure to render properly itemized wage statements is barred because Defendant did not knowingly and intentionally fail to render properly itemized wage statements; and their failure, if any, to provide such wage statements was inadvertent and/or due to clerical error.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Penalties under Labor Code Section 203)

92.     Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code Section 203, and any award of California Labor Code Section 203 penalties would violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

93.     Plaintiff was fully aware of and consented to all of the alleged acts and/or conduct of Defendant, and thus Plaintiff's Complaint is barred by the doctrine of consent.

## TENTH AFFIRMATIVE DEFENSE

### (Participatory Conduct)

94.     Plaintiff's Complaint is barred by the doctrine of participatory conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

95.     Plaintiff's claims are barred on the ground that Plaintiff unreasonably failed to use preventative and corrective measures that would have prevented all or at least some of the harm

DEFENDANT WU'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD

1   that Plaintiff alleges he suffered.  Thus, his recoverable damages should be reduced and/or

2   eliminated under the doctrine of avoidable consequences.

### TWELVETH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

5   96.   If Plaintiff suffered any loss, damage or detriment as alleged in the Complaint or

6   otherwise, it was directly and proximately caused and contributed to by the conduct of Plaintiff in

7   that Plaintiff did not exercise reasonable care or caution to mitigate his damages.  Plaintiff is

8   thereby completely or partially barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

11   97.   Plaintiff is barred, in whole or in part, from seeking any relief under the doctrine of

12   waiver in that Plaintiff has waiver and/or released his right to assert the purported claims and

13   causes of action set forth in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Laches)

16   98.   Plaintiff has unreasonably delayed in bringing this action against Defendant.  Such

17   delay has resulted in prejudice to Defendant such that Plaintiff is barred, in whole or in part, from

18   seeking any relief under the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

21   99.   Plaintiff's claims are barred, in whole or in part, from any recovery by the doctrine

22   of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Equitable Estoppel)

25   100.   Plaintiff's claims are barred by reason of acts, omissions, representations and

26   courses of conduct by Plaintiff on which Defendant was led to rely to his detriment, thereby

27   barring, under the doctrine of equitable estoppel, any claims in the Complaint.

28

**DEFENDANT WU'S ANSWER AND**
**AFFIRMATIVE DEFENSES**
**Case No. 5:14-cv-00426-EJD**

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

101.    Defendant is entitled to an offset against any relief due to Plaintiff based upon his respective wrongful conduct and/or monies owed to Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Basis for Damages Sought)**

102.    Plaintiff's prayers for all other damages regarding each cause of action contained in the Complaint are barred because such damages, if any, were not the result of acts, representations, or omissions of Defendant or his agents.

**NINETEETH AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

103.    Plaintiff's claims should be denied because Plaintiff has breached the express terms of any employment contract.  Plaintiff's breach precludes any award of damages or equitable relief to Plaintiff.

104.    Plaintiff's claims should be denied because Plaintiff has breached the express terms of the assignment agreement.  Plaintiff's breach precludes any award of damages or equitable relief to Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

105.    Plaintiff's claims should be denied because Plaintiff breached the implied covenant of good faith and fair dealing that runs with every written contract, and this breach precludes an award of any damages or equitable relief to Plaintiff.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Prevention of Performance)**

106.    Plaintiff breached any alleged employment agreement by failing to timely, fully and adequately perform the terms and conditions therein, among other things, thereby preventing Defendant's performance and discharging certain obligations on the part of Defendant.

1   107.   Plaintiff breached the assignment agreement by failing to timely, fully and

2   adequately perform the terms and conditions therein, among other things, thereby preventing

3   Defendant's performance and discharging certain obligations on the part of Defendant.

4   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

5   **(Failure to Fulfill Conditions Precedent)**

6   108.   Any purported claim for breach of contract is barred to the extent Plaintiff failed to

7   fulfill any contractual conditions precedent.

8   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

9   **(Negligence or Fault)**

10   109.   Plaintiff's claims are barred, in whole or in part, by Plaintiff's own negligent

11   conduct or because Plaintiff is at fault in bringing about any alleged loss or harm he may have

12   suffered.

13   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

14   **(Statute of Limitations)**

15   110.   Plaintiff is barred, in whole or in part, from seeking any relief by the operation of

16   the applicable statutes of limitations.

17   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

18   **(Frivolous Action)**

19   111.   Plaintiff is barred, in whole or in part, from seeking any relief because the

20   Complaint is frivolous and was filed in bad faith.

21   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

22   **(Lack of Subject Matter Jurisdiction)**

23   112.   Plaintiff's claims are barred for lack of subject matter jurisdiction.

24   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

25   **(Acquiescence and Ratification)**

26   113.   Plaintiff's claims are barred, in whole or in part, under the doctrine(s) of

27   acquiescence and/or ratification.

28

**DEFENDANT WU'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD**

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2

### (Remote and Speculative Damages)

3      114.   Plaintiff's claims are barred, in whole or in part, because the damages sought are

4 excessively remote and speculative, and thus not cognizable, compensable or recoverable.

5

## TWENTY-NINTH AFFIRMATIVE DEFENSE

6

### (Justification)

7      115.   Plaintiff's Complaint is barred on the ground that every action taken with respect to

8 the conduct complained of in the Complaint was justified.

9

## THIRTIETH AFFIRMATIVE DEFENSE

10

### (Lack of Standing)

11      116.   Plaintiff lacks standing to bring all or a portion of the purported claims and causes

12 of action alleged in the Complaint.

13

## THIRTY-FIRST AFFIRMATIVE DEFENSE

14

### (Unjust Enrichment)

15      117.   Plaintiff is barred from asserting any allegation in the Complaint because any

16 recovery by Plaintiff will result in unjust enrichment.

17

## THIRTY-SECOND AFFIRMATIVE DEFENSE

18

### (Conduct)

19      118.   Plaintiff's own conduct prevents him from recovering on the purported claims or

20 causes of action set forth in the Complaint.

21

## THIRTY-THIRD AFFIRMATIVE DEFENSE

22

### (Apportionment)

23      119.   The matters complained of in the Complaint were proximately caused, in whole or

24 in part, by the acts or omissions of Plaintiff.  Thus, the liability of Plaintiff should be apportioned

25 according to his respective degree of fault or other legal responsibility, and the liability, if any, of

26 Defendant should be reduced accordingly.

27

28

DEFENDANT WU'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

120.    The purported claims and causes of action set forth in the Complaint are barred, in whole or in part, because of lack of causation between Plaintiff's damages, if any, and the conduct of Defendant complained of therein.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

121.    The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Performance of Duties)**

122.    The Complaint and each purported cause of action alleged therein are barred because Defendant fully performed any and all contractual and/or other duties he arguably owed to Plaintiff.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Join a Necessary and Indispensable Party)**

123.    Plaintiff's Complaint should be dismissed for failure to join a necessary and indispensable party.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

124.    Each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Failure to Fulfill Conditions Precedent)**

125.    Any purported claim for breach of contract is barred to the extent Plaintiff failed to fulfill any contractual conditions precedent.

DEFENDANT WU'S ANSWER AND
AFFIRMATIVE DEFENSES
Case No. 5:14-cv-00426-EJD

**FORTIETH AFFIRMATIVE DEFENSE**

**(Lack of Irreparable Harm)**

126.    Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Adequacy of Remedy at Law)**

127.    The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Parol Evidence)**

128.    The parol evidence rule bars oral statements prior to and at the time of any final integrated written agreement.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Novation)**

129.    Plaintiff's Complaint should be dismissed because the 2006 Assignment Agreement cannot be enforced because the parties substituted a new and different contract.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Modification or Amendment)**

130.    Plaintiff's Complaint should be dismissed because the 2006 Assignment Agreement was modified and/or amended.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Pending Legal Action, Impermissible Claim Splitting)**

131.    There is another action pending in the Central District of California, Case No. CV13-01340-JAK, between the same parties that involves some or all of the same causes of action in the Complaint filed in this action.

**DEFENDANT WU'S ANSWER AND AFFIRMATIVE DEFENSES**
**Case No. 5:14-cv-00426-EJD**

1

## FORTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Additional Affirmative Defenses)

3       132.    Defendant hereby reserves the right to amend this Answer and/or allege additional

4   affirmative defenses in the event that any such additional affirmative defenses become available to

5   Defendant.

6   Dated:  April 14, 2014

7                                          **LEE TRAN & LIANG LLP**

8

9                                          By:    /s/ Enoch H. Liang
                                                 Enoch H. Liang
10                                         Attorneys for Defendant
                                           CHI-MING WU A/K/A FRED WU

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT WU'S ANSWER AND
                                          AFFIRMATIVE DEFENSES
                                          Case No. 5:14-cv-00426-EJD**