Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEURLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff and Counterdefendant
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard L. Chang**,<br><br>        Plaintiff;<br><br>    v.<br><br>**Zheng Tao Han**, an individual**; Chi-Ming Wu a/k/a Fred Wu**, an individual; **Biosuccess Biotech, Co., Ltd**., a Cayman Islands corporation; and **Biosuccess Biotech, Co., Ltd**., a Nevada corporation,<br><br>        Defendants.<br><hr>**Zheng Tao Han**, an individual; **Biosuccess Biotech, Co., Ltd**., a Cayman Islands corporation; and **Biosuccess Biotech, Co., Ltd**., a Nevada corporation,<br><br>        Counterclaimant,<br><br>    v.<br><br>**Richard L. Chang**, an individual,<br><br>        Counterdefendant. | **Case No. 2:14-cv-04511 SJO (RZ)**<br><br>**PLAINTIFF'S CONSOLIDATED MOTION TO DISMISS DEFENDANTS' FIRST AMENDED COUNTERCLAIMS UNDER RULE 12(B)(6)**<br><br>Date: July 21, 2014<br>Time: 10:00 a.m.<br>Courtroom: 1–2nd Floor<br>Before: Hon. S. James Otero |

# TABLE OF CONTENTS

Table of Contents ..................................................................................................i

Table of Authorities ............................................................................................. ii

Notice of Motion and Motion to Dismiss ............................................................1

Introduction .........................................................................................................1

Legal Standard ....................................................................................................2

Argument ............................................................................................................4

I. Defendants Are Estopped From Asserting A Recission Claim..................4

II. Defendants' Common Law Claims Based on Misappropriation are Preempted............................................5

III. Defendants' Amended Counterclaims are Entirely Duplicative of Claims Filed in Other Pending Cases and Must be Dismissed With Prejudice .......................................7

IV. Defendants' Other Claims Must Also Be Dismissed As No Facts Were Alleged to Support Those Claims ..........................................9

   A. Defendants' Conclusory Statements Of Misappropriation Must be Dismissed .........................................................9

   B. Defendants' Other Claims Contain Conclusory Statements, Impossibly Vague Language, and No Factual Basis For Any Claim...............................11

   C. Fraud Must Be Pleaded With Specificity and That Has Not Occurred in the Amended Counterclaims...............................12

Conclusion ........................................................................................................13

EntrepreneurLaw Group LLP

# TABLE OF AUTHORITIES

**CASES**

AccuImage Diagnostics Corp. v. TeraRecon, Inc.,
    260 F. Supp. 2d 941, 950 (N.D. Cal. 2003) ................................................. 7, 10

Adams v. Cal. Dep't of Heather Servs.,
    487 F.3d 684, 688 (9th Cir. 2007) ................................................................... 8

Andrews Farms v. Calcot, Ltd.,
    527 F. Supp. 2d 1239, 1250 (E.D. Cal. 2007) ............................................... 12

Ashcroft v. Iqbal,
    129 S. Ct. 1937, 1949 (2009) ........................................................................... 3

Balistreri v. Pacifica Police Dep't,
    901 F.2d 696, 699 (9th Cir. 1990) ................................................................... 2

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 570 (2007) ............................................................................. 2, 3

Consolidated Data Terminals v. Applied Digital Data Sys.,
    708 F.2d 385, 390-91 n.3 (9th Cir. 1983) ....................................................... 9

Convolve, Inc. v. Compaq Comp. Corp., No. 00-CV-5141,
    2006 U.S. Dist. LEXIS 13848, at *23-24 (S.D.N.Y. Mar. 31, 2006) ............. 5

Digital Envoy, Inc. v. Google, Inc.,
    370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) ................................................ 7

Dowell v. Biosense Webster, Inc.,
    179 Cal. App. 4th 564, 575 (2009) ................................................................ 10

Erie R.R. Co. v. Tompkins,
    304 U.S. 64, 58 (1938) ..................................................................................... 3

Foman v. Davis,
    371 U.S. 178, 182 (1962) ................................................................................. 3

K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.,
    171 Cal. App. 4th 939, 954 (2009) ............................................................. 5, 7

EntrepreneurLaw Group LLP

King v. Order of United Commercial Travelers,
   333 U.S. 153, 157-58 (1948) .................................................................................3

Mattel, Inc. v. MGA Entm't, Inc.,
   782 F. Supp. 2d 911, 989 (C.D. Cal. 2011) ...............................................6, 10

Mireskandari v. Mayne,
   2013 U.S. Dist. LEXIS 71221, *17–18 (C.D. Cal. May 14, 2013)................8

Murphy v. Wells Fargo Home Mortg.,
   2013 U.S. Dist. LEXIS 118410, *15 (N.D. Cal. Aug. 19, 2013) ...................8

N. Star Int'l v. Ariz. Corp. Comm'n,
   720 F.2d 578, 581 (9th Cir. 1983)..................................................................2

Pannu v. Iolab Corp.,
   155 F.3d 1344 (Fed. Cir. 1998).......................................................................4

RSPE Audio Solutions, Inc. v. Vintage King Solutions, Inc., No. CV-12-06863,
   2013 U.S. Dist. LEXIS 2909, at *6 (C.D. Cal. Jan. 7, 2013).........................6

Schreiber Distrib. Co. v. Serv-Well Furniture Co.,
   806 F.2d 1393, 1401 (9th Cir. 1986)..............................................................3

Silvaco Data Systems v. Intel Corp.,
   84 Cal. App. 4th 210, 239–240 (2010).......................................................6, 7

SunPower v. SolarCity Corp., No. 12-CV-00694-LHK,
   2012 U.S. Dist. LEXIS 176284, at *40 (N.D. Cal. Dec. 11, 2012)................6

Walton v. Eaton Corp.,
   563 F.2d 66 (3rd Cir. 1977) ............................................................................8

**STATUTES**

28 U.S.C. 1927 (2014) ..............................................................................................9

Cal. Civ. Code § 3426.3 ...........................................................................................7

Cal. Civ. Code §§ 3426.1-3426.11...........................................................................9

Cal. Civ. Code §3426.1(b) .....................................................................................10

EntrepreneurLaw Group LLP

Cal. Code Civ. P. §425.16 (2014) .................................................................................. 9

Cal Code Civ. P. §425.16(e)(2) (2014)

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 2

Federal Rule of Civil Procedure Rule 15 .................................................................. 3

**SECONDARY SOURCES**

CHISUM ON PATENTS, Treatise on the Law of Patentability, Validity, and
    Infringement § 2.03 (2014) ............................................................................. 4

CHISUM ON PATENTS, Treatise on the Law of Patentability, Validity, and
    Infringement § 2.04 (2014) ............................................................................. 4

# NOTICE OF MOTION AND MOTION TO DISMISS

TO DEFENDANTS ZHENG TAO HAN, CHI-MING WU a/k/a FRED WU, BIOSUCCESS BIOTECH CO. LTD. (CAYMAN), BIOSUCCESS BIOTECH, CO., LTD. (NEVADA) (COLLECTIVELY, "DEFENDANTS") AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Richard L. Chang will and does move to dismiss Defendants and Counterclaimants Zheng Tao Han's and Biosuccess Biotech's First Amended Counterclaims in the above-referenced Court. This Motion is based on Rule 12(b)(6) of the Federal Rules of Civil Procedure; this notice and memorandum; and such other matters on file or submitted in reply or at oral argument.[1]

# INTRODUCTION

Can Defendants stymie collection actions for substantial Labor Code violations by filing frivolous counterclaims designed solely to hinder and delay collection? Can a party bring the **same** claims against the **same** party in multiple actions, thereby multiplying the cost and size of litigation? Can a defendant, after fourteen years, claim that the named primary inventor is not actually an inventor now that litigation over ownership has begun? Of course not. Yet those three approaches describe what has happened in this case; Defendants assert counterclaims—exact carbon-copies of existing counterclaims in another case pending in the Central District of California before Judge Kronstadt—and Defendants also allege for the first time *in over 14 years* that Richard L. Chang should not have been a named inventor on the '814 Patent, despite representations and declarations Zheng Tao Han submitted to the United States Patent Office

---

[1] Plaintiff is aware that this case is pending transfer to the Central District. Defendants have filed Amended Counterclaims in this action under this case number which populated deadlines for a response by Plaintiff Chang. Plaintiff makes this Motion to preserve his rights pending the actual transfer of the case and respectfully requests that a hearing date be set following transfer.

EntrepreneurLaw Group LLP

("USPTO") to the contrary. This constitutes fraud on the USPTO and a misrepresentation to the Court, and cannot be allowed.

If that were not enough, the conclusory, vague allegations made on "information and belief" alone do not meet applicable federal pleading standards required by the Federal Courts. Not only are Defendants' claims conclusory, but they fail to give Plaintiff Richard Chang ("Plaintiff") even the basic notice required by Federal Rule 8. Further, virtually all of the tort claims alleged are derivative of the trade secret claim, and are therefore preempted under applicable California statutory law—all such claims must be dismissed without leave to amend because Defendants have now had two chances to plead their claims against Plaintiff, and have failed again to do so according to Rule 8 and the applicable pleading standards adopted by this District and the Ninth Circuit. Both Zheng Tao Han's ("Han Counterclaims") and Biosuccess' ("Biosuccess Counterclaims") First Amended Counterclaims against Plaintiff should be dismissed in their entireties.

## LEGAL STANDARD

### Rule 12(b)(6) Motions to Dismiss and the Twombly/Iqbal Pleading Standard

This Court has previously granted dismissal. Dkt. 37. The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the pleading. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief;" however, a [party alleging a claim] is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974 (2007). "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual material,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 663 129 S. Ct. 1937, 1949 (2009) *quoting* Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555.  However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

Additionally, Federal Courts adhere to state court decisions on substantive law when deciding state claims. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 (1938); King v. Order of United Commercial Travelers, 333 U.S. 153, 157–58 (1948). Where a party defending a claim challenges a claim against it as failing to articulate a state law cause of action, a federal court looks to the substantive law of the state for the required elements, but applies federal procedural law on the question of the sufficiency of the allegations in the pleading in supplying the necessary elements.  In other words, the Court must apply post-Twombly/Iqbal pleading standards of Federal Rule 8 to the element-by-element requirements of substantive state law.

## Standard for Dismissal Without Leave to Amend

Federal Rule of Civil Procedure Rule 15(a) states that leave to amend a complaint or counterclaim "shall be freely given when justice so requires." However, our Supreme Court has identified four (4) factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.")

# ARGUMENT

## I. DEFENDANTS ARE ESTOPPED FROM ASSERTING A RESCISSION CLAIM.

After nearly a decade and a half of taking advantage of a duly issued patent that that properly named all inventors, Defendants cannot now seek to alter the named inventors as a matter of law. United States Patent No. 6,063,814 (the "'814 Patent") issued 14 years ago in 2000. There were numerous filings during the prosecution of that Patent, including documents and declarations establishing Plaintiff Richard L. Chang as not only an inventor, but the first-named and *primary* inventor of the '814 Patent. Those documents and declarations were signed, approved, and submitted by none other than Defendant Zheng Tao Han as the other alleged "co-inventor." The first of those patent prosecution documents were submitted in 1997. If Defendant Han believed or had reason to believe that Professor Chang was not the inventor of the '814 Patent, he has now had nearly 18 years to make that fact known to the USPTO, and has not done so until Defendants' submitted their first Counterclaims. Either Defendant Han has committed fraud on the USPTO by fraudulently listing Plaintiff as an inventor, or, what really occurred, he is now claiming misjoinder in order to kill the '814 Patent and its associated portfolio.[2] Regardless of Defendants' wholly insufficient pleading, critical flaws in their Amended Counterclaims, and common sense, Zheng Tao Han is estopped from saying, 18 years later, that he was actually the sole inventor of the '814 Patent and demanding correction. Section 256 of the Patent Act requires diligence in alerting the USPTO to an inventorship error. "[I]f an applicant discovers an inventorship error he should seek correction by the

---

[2] In Pannu v. Iolab Corp., 155 F.3d 1344 (Fed. Cir. 1998), the Federal Circuit noted that improper inventorship remains a ground for invalidating a patent that is not corrected according to Section 256 and that a patentee must claim entitlement to Section 256 correction. CHISUM ON PATENTS, Treatise on the Law of Patentability, Validity, and Infringement § 2.03 (2014).

1 Office rather than allow the patent to issue and then seek correction." CHISUM ON
2 PATENTS, Treatise on the law of Patentability, Validity and Infringement § 2.04
3 (2014).

4      Likewise, Defendant Biosuccess, for whom Defendant Han works, has
5 known of the '814 Patent since at least 2006—over 8 years ago—and it has been in
6 litigation over the rights to that Patent since early 2013. Yet still, these twin claims
7 "for correction" only emerge now, in this, the third case between these parties, filed
8 almost a full year and a half after the start of litigation. It would be inequitable to
9 allow Defendants to assert a poorly pled and retaliatory claim for correction at this
10 juncture, especially considering the other critical faults with Defendants' pleadings.
11 For these additional reasons, the Court should grant Plaintiff's Motion.

## II. DEFENDANTS' COMMON LAW CLAIMS BASED ON MISAPPROPRIATION ARE PREEMPTED.

     Defendant Biosuccess' Second (trade secret misappropriation), Third (breach of fiduciary duty), Fourth (unfair competition under Section 17200), Fifth (common law unfair competition), Sixth (conversion), and Seventh (breach of contract) Counterclaims are all preempted by the California Uniform Trade Secrets Act ("CUTSA") and fail as a matter of California statutory law.

     The preemption inquiry "focuses on whether 'other claims are not more than a restatement of the same operative facts' supporting trade secret misappropriation." Convolve, Inc. v. Compaq Comp. Corp., No. 00-CV-5141, 2006 U.S. Dist. LEXIS 13848, *23–24 (S.D.N.Y. Mar. 31, 2006) (applying California law). "If there is no 'material distinction' between the wrongdoing alleged in a UTSA claim and that alleged in a different claim, the UTSA claim preempts the other claim." Id. The weight of authority finds CUTSA preemption where the "gravamen" of the wrongful conduct alleged in the common law claim is the same as the conduct alleged regarding the CUTSA claim. K.C. Multimedia,

Inc. v. Bank of Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939, 958–61 (2009).

First, each of Biosuccess' common law tort claims (trade secret misappropriation, breach of fiduciary duty, unfair competition under Section 17200, common law unfair competition, conversion, and breach of contract) are preempted by the CUTSA because each is based on the same set of operative facts as the CUTSA claim—namely purported unauthorized use of undefined trade secrets. Despite Defendants' best efforts to avoid saying it directly, this is just another way to try to allege that Plaintiff misappropriated Biosuccess' trade secrets. See Mattel, Inc. v. MGA Entm't, Inc., 782 F. Supp. 2d 911, 989 (C.D. Cal. 2011) (holding that plaintiff's attempt to "re-characterize the thefts [of misappropriated confidential information] as 'working for a competitor' and 'acting with disloyalty'" merely "attach[ed] new labels to the same nucleus of facts" upon which it based its misappropriation claim); RSPE Audio Solutions, Inc. v. Vintage King Solutions, Inc., No. CV-12-06863, 2013 U.S. Dist. LEXIS 2909, *6 (C.D. Cal. Jan. 7, 2013) (dismissing claim for intentional interference with prospective economic advantage because even though plaintiff had "incorporate[d] non-trade secret related allegations," the basis for the claim remained the alleged misappropriation of trade secrets); SunPower v. SolarCity Corp., No. 12-CV-00694-LHK, 2012 U.S. Dist. LEXIS 176284, at *40 (N.D. Cal. Dec. 11, 2012) (dismissing a claim for intentional interference with prospective business advantage because it alleged "in essence that [d]efendants violated [plaintiff's] rights by acquiring, disclosing, and/or using, without consent—*i.e.* misappropriating—[plaintiff's] proprietary information.").

Second, information cannot be "stolen" unless it constitutes *property*. And information is not property unless some law makes it so. **If the plaintiff identifies no property right outside of California trade secret law, then**

1  **Plaintiff has no remedy outside that law; and there is nothing unsound or**
2  **unjust about holding other theories superseded.** Silvaco Data Systems v. Intel
3  Corp., 184 Cal. App. 4th 210, 239–240 (2010) (claims for conversion, unjust
4  enrichment, and unfair business practices were neither predicated nor dependent
5  upon a finding that property in question constituted trade secrets or that their
6  acquisition and use constituted a misappropriation under the UTSA.) The Silvaco
7  court, construing California law, ruled that the non-CUTSA claims did not,
8  therefore, genuinely allege alternative legal theories but were rather a transparent
9  attempt to evade the strictures of CUTSA by restating a trade secrets claim as
10 something else. Id.

11     Third, The CUTSA provides for the civil recovery of actual loss or other
12 injury caused by the misappropriation of trade secrets. Cal. Civ. Code § 3426.3.
13 California state and federal courts agree that "common law remedies based on
14 misappropriation of trade secrets are superseded" by the CUTSA because the
15 CUTSA "occupies the field in California." AccuImage Diagnostics Corp. v.
16 Terarecon, Inc., 260 F. Supp. 2d 941, 953-54 (N.D. Cal. 2003); see also K.C.
17 Multimedia, Inc., 171 Cal. App. 4th at 954 (The CUTSA "preempts alternative
18 civil remedies based on trade secret misappropriation."); Digital Envoy, Inc. v.
19 Google, Inc., 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (holding that the
20 CUTSA preempts common law claims that are "based on the same nucleus of facts
21 as the misappropriation of trade secrets").

22     Defendants' Amended Counterclaims therefore fail as a matter of law and
23 must be dismissed with prejudice.

24 **III.  DEFENDANTS' AMENDED COUNTERCLAIMS ARE
       ENTIRELY DUPLICATIVE OF CLAIMS FILED IN OTHER
25     PENDING CASES AND MUST BE DISMISSED WITH PREJUDICE.**

26     Defendants are seeking to get the **same** remedy from the **same** party in two
27 different cases at the **same** time in direct contravention of clear Ninth Circuit
28

precedent. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" <u>Adams v. Cal. Dep't of Heather Servs.</u>, 487 F.3d 684, 688 (9th Cir. 2007) *citing* <u>Walton v. Eaton Corp.</u>, 563 F.2d 66 (3rd Cir. 1977). Such "fragmenting" of litigation is not allowed and requires dismissal with prejudice of duplicative claims. <u>Id.</u> at 697.

Facing a similar situation, Judge Ilston of the California Northern District dismissed several claims with prejudice, noting that a "district court retains broad discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." <u>Murphy v. Wells Fargo Home Mortg.</u>, 2013 U.S. Dist. LEXIS 118410, *15 (N.D. Cal. Aug. 19, 2013). Further, the "most important criterion in determining whether the two actions are the 'same' is 'whether the two suits arise out of the same transactional nucleus of facts.'" <u>Mireskandari v. Mayne</u>, 2013 U.S. Dist. LEXIS 71221, *17–18 (C.D. Cal. May 14, 2013).

In <u>Murphy</u>, because the claims in two subsequently filed cases either "seek to enjoin the same alleged breach of contract" or "plainly duplicates issues being adjudicated in the underlying action," both were dismissed with prejudice. <u>Murphy</u>, 2013 U.S. Dist. LEXIS 118410, *18.

In this case, Defendants previously filed combined counterclaims (Dkt. 26) against Plaintiff, copying the language of their claims nearly verbatim from another case before Judge Kronstadt, Case No. 13-cv-01340 JAK (ANx) (the "<u>1340 Case</u>"). Defendants' current sets of Amended Counterclaims are in large part a mere rewording of those same verbatim copies, in some cases making new allegations against Ben Chang, Plaintiff's son, in a transparent attempt to sidestep the fact that these claims are already alleged in the 1340 Case and **cannot** be realleged here. Besides the addition of Ben Chang—who is **not a party to this**

**case**—the claims are identical to those in the 1340 Case: "Fraud" (Han Counterclaim No. III), "Negligent Misrepresentation" (Han's Counterclaim No. IV), and "Breach of Fiduciary Duty" (Biosuccess' Counterclaim No. III) are claimed in the 1340 Case as Claims IV, V, and VII, respectively. Dkt. 52 ¶¶100–107; Dkt. 52 ¶¶108–113; Dkt. 51 ¶¶104–109. Defendants have now altered the wording of their respective claims and split them up, but Defendants claims for Fraud, Negligent Misrepresentation, and Breach of Fiduciary Duty are duplicative and must be dismissed with prejudice.

Defendants' Counterclaims and now First Amended Counterclaims in this suit are a knee-jerk attempt to retaliate for the filing of this lawsuit, and to multiply the costs and size of litigation between the relevant parties in violation of applicable federal statutes.[3] 28 U.S.C. 1927 (2014). Aside from the confusing and incorrect wording and conclusory language (including reference to an unintelligible conflation of two distinct and separate assignment agreements, one of which explicitly supersedes the other, meaning they are clearly **not** extensions of one another) the Amended Counterclaims to this lawsuit are duplicative and only serve to multiply litigation, and should be dismissed.

### IV.  DEFENDANTS' OTHER CLAIMS MUST ALSO BE DISMISSED AS NO FACTS WERE ALLEGED TO SUPPORT THOSE CLAIMS.

#### A.  Defendants' Conclusory Statements Of Misappropriation Must be Dismissed.

Defendants' bare recitation of the elements of a trade secret misappropriation claim falls far short of the standard necessary to state such a claim under the California Uniform Trade Secrets Act and the standards of Twombly/Iqbal. Dkt. 51 (Biosuccess Counterclaims) ¶¶90–103.

---

[3] Defendants' Amended Counterclaims are also retaliatory attacks on the free speech rights of Plaintiff. In particular, his protected right to seek redress before the Courts. Cal. Code Civ. P. §425.16(e)(2) (2014). As such, they can and should be stricken by the Court under California's anti-SLAPP statutes, and Plaintiff reserves all rights to seek such relief by separate motion if necessary. Cal. Code Civ. P. §425.16 (2014).

California law governs Defendants' misappropriation of trade secrets claims in this District.  See Consolidated Data Terminals v. Applied Digital Data Sys., 708 F.2d 385, 390-91 n.3 (9th Cir. 1983).  To state a claim for misappropriation of trade secrets under California's Uniform Trade Secrets Act ("CUTSA") [enacted 1984 at Cal. Civ. Code §§ 3426.1-3426.11], "a [counterclaimant] must plead two primary elements: (1) the existence of a trade secret, and (2) misappropriation of a trade secret." AccuImage Diagnostics Corp. v. TeraRecon, Inc., 260 F. Supp. 2d 941, 950 (N.D. Cal. 2003) *citing* Cal. Civ. Code §3426.1(b) (footnote omitted). Defendants still fail to state a valid claim for relief under California trade secret law.

California Business & Professions Code Section 16600 prevents vague trade secrets claims. In Mattel, the Court noted, "[t]o prevent employers from using trade secret law as a weapon against employee mobility, California requires that a party seeking to protect trade secrets [ ] describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit [counterclaim] defendant to ascertain at least the boundaries within which the secret lies." Mattel, 782 F. Supp. 2d at 989 (internal quotations omitted). Here, Defendants made no effort to describe any secret, and certainly nothing sufficient to put Plaintiff on notice of what he is being counter-sued for.

Further, Defendants allege, solely "on information and belief," that Plaintiff is using "Confidential Information." These vague, unsupported, "information and belief" allegations contained in the Amended Counterclaims are not sufficient to state a claim and overcome "California's strong public policy of protecting the right of its citizens to pursue any lawful employment and enterprise of their choice." Dowell v. Biosense Webster, Inc., 179 Cal. App. 4th 564, 575 (2009);

Dkt. 51 (Biosuccess Counterclaims) ¶¶32, 60, 65, 91, 111; Dkt. 52 (Han Counterclaims) ¶¶32, 60, 65.

Accordingly, Defendants' claim for trade secret misappropriation should be dismissed for failure to state a claim upon which relief can be granted.

### B. Defendants' Other Claims Contain Conclusory Statements, Impossibly Vague Language, and No Factual Basis For Any Claim.

In improperly vague and conclusory allegations, Defendants, in their separate amended counterclaim submissions, state that Plaintiff Richard Chang breached his contract; these allegations are facially incomplete, and as such should be dismissed.

For example, in the Biosuccess Amended Counterclaim VI (Unfair Competition Pursuant to California Business and Professions Code Section 17200, *et seq*.), Biosuccess states that "Biosuccess is informed and believes, and on that basis alleges, the above described conduct of Plaintiff constitutes unlawful and unfair business practices…". Dkt. 51(Biosuccess Counterclaims) ¶111. Defendants' allusion to the facts "above" seem to reference only a recital of sections from two separate agreements (which Defendants' wrongly assert are to be read in tandem when one has a later date and an integration clause, making Defendant's definition of "Assignment Agreement" and "Amendment" entirely incoherent and unintelligible). Those allusions are followed by bald, conclusory statements that fall far short of the standard set in Iqbal/Twombly, and this and similarly deficient claims should be dismissed without leave to amend. Defendant Han uses the same inadequate language: "Plaintiff Chang and Ben Chang made the above-described misrepresentation of material facts…". Dkt. 52 (Han Counterclaims) ¶109.

Similarly, the general and conclusory language "as set forth above" can be found in the Biosuccess' Third (Breach of Fiduciary Duty) and Fifth (Unfair Competition under California Common Law) Claims, without supporting factual

EntrepreneurLaw Group LLP

allegations fulsome enough under Iqbal/Twombly to bring a cause of action or even to put Plaintiff on notice of the claims brought against him in Defendants' now Amended Counterclaims. All of these claims should be dismissed.

These questions all remain: Which agreement did Plaintiff breach in Biosuccess Claim Seven? What were the fraudulent and negligent misrepresentations in Claims Three and Four claimed by Han? What duty did Plaintiff have to inform Han regarding the "status" of the '814 "Patent Portfolio," or to file further patent applications alleged in Han's Amended Counterclaim No. II for negligent mismanagement? And why is Ben Chang implicated in a claim for a dispute he is not a party to? Dkt. 52 (Han Counterclaims) ¶¶90–99.

### C. Fraud Must Be Pleaded With Specificity and That Has Not Occurred in the Amended Counterclaims.

The Fraud claim by Han (Dkt. 52 ¶¶100–107) falls particularly short given the Ninth Circuit's adherence to the heightened pleading standard for claims that sound in fraud, and should be dismissed as well.

There are two relevant agreements in this case, and one explicitly supersedes the other, so a conflation of the two as a single "Assignment Agreement" cannot possibly form the basis of a cognizable claim, and certainly is insufficient to put Plaintiff on notice of the claims against him in light of Iqbal/Twombly.

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated "with particularity. Fed. R. Civ. P. 9(b). By requiring a plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires a [counterclaim] plaintiff to conduct a pre[claim] investigation in sufficient depth to assure that the charge of fraud is responsible and supported…The allegations must be specific enough to give defendants notice of the particular misconduct which is allege to constitute the fraud…so that [the counterclaim defendant] can defend against the charge…

Andrews Farms v. Calcot, Ltd., 527 F. Supp. 2d 1239, 1250 (E.D. Cal. 2007). The conclusory statements contained in Defendants' counterclaims fail the basic test set

forth in Iqbal/Twombly, and certainly miss the mark in for asserting fraud claims with sufficient specificity.

### CONCLUSION

All of the purported claims fail to meet our Supreme Court's standards of Iqbal/Twombly which are now the standards under Federal Rule 8: they simply fail to provide sufficient information to put Mr. Chang on notice of the claims against him so he can prepare a defense. Accordingly, the various "Causes of Action" (perhaps originally drafted for a state court lawsuit but which would also have been subject to a demurrer there) should all be dismissed. For all of these reasons, the Court should grant Plaintiff's Motion to Dismiss without leave to amend as to Defendants' Counterclaims.

Dated: June 18, 2014

Respectfully submitted,
ENTREPRENEURLAW GROUP LLP

By:     /s/ Jack Russo
Jack Russo
Christopher Sargent
Attorneys for Plaintiff and
Counterclaim Defendant
RICHARD L. CHANG